UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUSTY FONTENOT**                                   **CASE NO. 2:23-CV-00795**

**VERSUS**                                           **JUDGE JAMES D. CAIN, JR.**

**SENTRY SELECT INSURANCE CO ET AL   MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 10] filed by defendant State Farm Mutual Automobile Insurance Company. The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on May 15, 2022, on Interstate 10 in Calcasieu Parish, Louisiana. Doc. 1, att. 5. On that date, plaintiff alleges, he was traveling in the left eastbound lane in a 2017 Chevy Silverado when sheets of metal flew out of the rear of the truck directly ahead of him, driven by defendant Fredi Marquira-Rubio in the scope of his employment with Chamberlin Houston, LLC. *Id.* at ¶¶ 3–4, 9–10. As plaintiff slowed his truck to avoid the sheet metal on the roadway, his truck was rear-ended by an eighteen-wheeler traveling behind him, driven by Roberto Fernandez in the scope of his employment with Highlander Xpress, Inc. *Id.* at ¶¶ 5–6, 11–12. Plaintiff, claiming injuries as a result of the accident, filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against Marquira-Rubio, Fernandez, their respective employers and insurers, and State Farm Mutual Automobile Insurance Company as his UM

carrier. Liberty Mutual Fire Insurance Company then intervened as worker's compensation insurer for Fontenot's employer, seeking reimbursement for any benefits paid to Fontenot as a result of the accident. The defendants removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

State Farm now moves for summary judgment, seeking a determination that a worker's compensation carrier has no right of action against an individual employee's personal UM policy. Doc. 10. The court has received no response to the motion within the prescribed deadlines. Accordingly, the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). The Louisiana Supreme Court has held that "the employer or his worker compensation insurer cannot recover compensation reimbursement from a fund purchased by the employee for his own benefit, such as the employee's own uninsured motorist coverage." *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224, 229 (La. 1982); *superseded as statute*, La. R.S. 23:1163(A). State Farm shows that the policy at issue is for Fontenot's benefit and provides coverage for his private vehicle, which is not alleged to have been involved in this accident. Doc. 10, atts. 1 & 3. Accordingly, to the extent UM coverage is implicated in this suit, State Farm is not liable for reimbursement of any worker's compensation benefits paid by Liberty Mutual.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 10] will be **GRANTED** and the claims raised against State Farm Mutual Automobile Insurance Company in Liberty Mutual's Petition of Intervention will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 30th day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE